Carrie S. Beam, complainant-respondent,

*v.*

The Paterson Safe Deposit and Trust Company et al., defendants-appellants.

[Submitted December 9th, 1912.    Decided March 3d, 1913.]

1. In a suit for an accounting against a testamentary trustee for the loss sustained by the complainant and her fellow *cestui que trust*, a bill alleging that securities which have come to the hands of the defendant trustees from the estate of their testator have steadily depreciated in value from the beginning of the trust until the shrinkage amounts to nine-tenths of that value, makes it a *prima facie* case of lack of good faith, or a failure to exercise reasonable discretion on the part of the trustees, and such a bill will not be stricken out.

2. Such dealing with trust funds calls for an explanation by the trustees of their action in holding on to securities which were steadily declining until they had shrunk to one-tenth of their value, at the time they became a part of the trust estate, such conduct being inconsistent with the exercise of reasonable care, good faith or reasonable discretion exercised by the ordinary prudent person.

———

On appeal from a decree of the court of chancery advised by Vice-Chancellor Stevenson, whose opinion is reported *ante p. 38.*

*Messrs. Griggs & Harding,* for the appellants.

*Mr. Pierre F. Cook,* for the respondent.

The opinion of the court was delivered by

KALISCH, J.

The complainant's bill sets forth that the defendant the Paterson Safe Deposit and Trust Company holds as trustee for the complainant and others certain bonds and stock under the provisions of a will by Sarah A. Cooke, deceased; that these securities were investments made by the testatrix in her lifetime and after her death in May, 1905, they passed to the defendant in trust as aforesaid.

The bill then alleges that these securities have with some little fluctuations steadily declined in market value from the date of the death of the testatrix down to the time of the filing of the bill; that the percentage of loss from this depreciation is very great, certain of the bonds having lost over nine-tenths of their value, others having lost about three-fourths of their value, and that some of the stocks held in trust have lost nineteen-twentieths of their value, and that this loss has been a steadily increasing one during the whole period of the trusteeship. The bill then charges that the defendant corporation continued these investments of the testatrix, "negligently and not in the exercise of good faith and reasonable discretion," and seeks to compel the defendant to account for the loss sustained by the complainant and her fellow *cestui que trust* by reason of the aforesaid depreciation.

The defendant corporation in the court below moved to strike out the bill upon the ground that "it does not make or state a case entitling the complainant to a decree and that the defendant corporation is not bound to answer the same." The essence of the defendant's claim is that the act of 1899 (*P. L. 1899 p. 236*) authorized a trustee under the will of a testator "in the exercise of good faith and reasonable discretion" to continue investments made by a testator in his lifetime, without being accountable for any loss by reason of such continuance, and that

in order to show cause against a trustee so acting the complainant is bound to set forth facts which will justify a conclusion that the action of the trustee in continuing investments of his testator was not in good faith and in the exercise of a reasonable discretion.

The vice-chancellor in refusing the motion to strike out the bill based such refusal on the ground that the objection to the bill specified in the notice does not relate to the substance of the charge made by the complainant, but to the form in which it is made—to a mere matter of pleading, and that the character of the charge is not indicated in the notice.

We prefer to dispose of the question raised on its merits.

The sole essential inquiry presented by the bill is: Does the fact that securities which have come to the hands of a trustee from the estate of his testator, which have steadily depreciated in value from the beginning of the trust until the shrinkage amounting to nine-tenths of that value, make it a *prima facie* case of lack of good faith or a failure to exercise reasonable discretion on the part of the trustees? We think it does. Such dealing with trust funds calls for an explanation by the trustees of their action in holding on to securities which were steadily declining until they had shrunk to one-tenth of their value, at the time they became a part of the trust estate. Such conduct is inconsistent with the exercise of reasonable care, good faith or reasonable discretion exercised by the ordinary prudent person. The bare recital of the facts in the bill bespeaks a lack of good faith and of a failure to exercise reasonable discretion on the part of the trustees.

The mere fact that there was a shrinkage in the securities would not have given rise to any inference of lack of good faith or of the failure to exercise a reasonable discretion on the part of the trustees; it is the extraordinary shrinkage of these securities, taking place under the eyes of the trustees, not sudden in their decline, but gradual, until some of them had lost ninety per cent. of their value, still held by the trustees when they might have disposed of them to great advantage of the estate, which calls for an explanation.

The order of the court below will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, TREACY—11.

*For reversal*—None.